G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd., Suite 960
Los Angeles, CA 90028
Telephone: (323) 940-1700
Fax: (323) 238-8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DONALD DENHAM,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Credit Reporting Practices)**<br><br>Unlimited Civil Jurisdiction |

# INTRODUCTION

1. Plaintiff Donald Denham ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this Class Action Complaint for Damages against Defendant Ocwen Loan Servicing, LLC ("Defendant").

2. Plaintiff brings this action for damages based upon Defendant's violations of: 1) the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. Civ. Code § 1785.25(a); and 2) Business and Professions Code § 17200.

# VENUE AND JURISDICTION

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seek relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Florida. Plaintiff also seeks statutory damages of $5,000.00 per willful violation, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

# PARTIES

5. Plaintiff, Donald Denham, is a natural person who resides in the City of North Hills, California. Plaintiff is a "consumer" as defined by the CCCRAA, Cal. Civ. Code § 1785.3(b). Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), is a Delaware Limited Liability Company, headquartered in the State of Florida, with its mailing address at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409. Ocwen has a multibillion portfolio of mortgage loans under management and is one of the country's largest servicers of mortgage loans. Defendant Ocwen is and was, at all relevant times stated herein, an entity which engaged in the practice of furnishing consumer information

to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant Ocwen is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF DONALD DENHAM**

8. Plaintiff who is not a minor alleges that the following events and actions taken by Defendant occurred within the past two years.

9. In June 2005, Plaintiffs purchased a single family residence located at 108 Dina St., Cloverdale, CA 95425 (hereinafter "Subject Property"). Plaintiff resided in the Subject Property from the date of purchase until it was sold in a foreclosure auction in and around February, 2010.

10. Plaintiff financed the purchase of the Subject Property with loans from OneWest Bank and Defendant. The mortgages were secured by a $1_{st}$ and $2_{nd}$ Deeds of Trust, the proceeds of which were used to pay part or all the purchase price of the house.

11. Due to financial hardship, Plaintiffs stopped making the monthly loan payments on the loans in or about January, 2009. Thereafter, the holder of the $1_{st}$ deed of trust initiated foreclosure proceedings that resulted in a trustee's sale.

12. The effect of the foreclosure was to extinguish the loan secured by the $2_{nd}$ deed of trust.

13. In or around June, 2015, Plaintiffs conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Trans Union (Collectively referred to as "CRAs"), and discovered inaccuracies in his credit files.

14. Specifically, Plaintiff discovered that Defendant was continuing to report to the three national credit reporting agencies that Plaintiffs' loan account was past due in the amount of $ 47,868.20, and that they owed a balance of $ 79,984.00 on the second mortgage.

15. Section 580(b) of the California Code of Civil Procedure ("CCP") provides no deficiency shall be owed or collected, and no deficiency judgment shall lie, for any of the following: no deficiency judgment lies after a foreclosure in the case of a purchase money loan secured by a deed of trust provided the buyer resides in the property and that the proceeds of the loan went towards the purchase price. The loan held by Ocwen is subject to the terms of CCP § 580(b).

16. Given the fact that the loan is subject to CCP § 580(b), no debt to Ocwen is owed and Ocwen is barred from collecting or from obtaining a judgment against Plaintiff, nor can Ocwen legally sue Plaintiffs to collect on the loan.

17. In short, CCP § 580(b) prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrowers home. Given the fact that no deficiency is owed, and, that the loan may not be enforced, the information Ocwen furnishes reports to the credit bureaus are inaccurate and misleading because creditors and prospective creditors that view Plaintiffs' credit reports would reasonably conclude that Plaintiffs owe $ 79,984.00 to Ocwen and that the account is in fact due and owing and "past due."

18. Ocwen's reports are also incomplete because Ocwen fails to disclose that Plaintiff owes no deficiency balance on the loans and it cannot obtain a judgment on the loan account.

19. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

21. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing them from being able to obtain credit.

## GENERAL ALLEGATIONS

22. At all relevant times relevant, Plaintiff was an individual residing within the State of California.

23. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

24. As a result of Defendant's above-referenced improper and unauthorized conduct, Plaintiff has suffered monetary damages.

25. Moreover, through this conduct, Defendant has violated Cal. *Civ. Code* § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should have known was inaccurate.

26. Furthermore, Plaintiff is not alone; Defendant has improperly, unlawfully, and without legal authority attempted to collect invalid debts from Plaintiff and other California consumers. Defendant has made various reports to credit agencies that California consumers are delinquent on these un-collectible debts. The acts and omissions constitute unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, *Business and Professions Code* § 17200 *et seq.* (the "UCL") and violate the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. *Civ. Code* § 1785.25(a).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The proposed class consists of:

All persons who obtained a loan from Defendant, for purposes of purchasing or refinancing their primary residence, secured by property located in the State of California that was subsequently sold, where Defendant continued to report a deficiency balance in the four years prior to the filing of the Complaint.

28. Excluded from the Class are Defendant and any of its officers, directors, and employees.

29. ***Numerosity.*** The members of the Class are so numerous that their individual joinder in impracticable. Plaintiffs are informed and believe, and thereon allege, that the proposed Class contains thousands of members. While the precise number of Class members is unknown to Plaintiff, it is known to Defendant.

30. ***Existence of Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on standard form contracts. The common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendant has a policy of reporting deficiency balances that are not owed by Plaintiffs and the class members;

    b. Whether the alleged conduct constitutes violations of Cal. *Civ. Code § 580b;*

    c. Whether the alleged conduct constitutes violations of the California Consumer Credit Reporting Agencies Act, Cal. *Civ. Code* § 1785.25(a);

    d. Whether the alleged conduct constitutes violations of the Cal. *Bus. & Prof. Code* § 17200, et. seq;

    e. Whether Plaintiff and Class members have sustained monetary or property loss and the proper measure of that loss;

    f. Whether Plaintiff and Class members are entitled to declaratory and injunctive property; and,

    g. Whether Plaintiff is entitled to restitution.

31.     ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff is a member of the Class that he seeks to represent.

32.     ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interest of the members of the Class.  Plaintiff has retained counsel experienced in the prosecution of this type of class action litigation.  Plaintiff has no adverse or antagonistic interests to those in the Class.

33.     ***Superiority.***  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant.  Further, the adjudication of this action presents no unusual management difficulties.

34.     Unless a class is certified, Defendant will retain monies received as a result of their conduct that was taken from Plaintiff and proposed Class members.  Unless a class-wide injunction is issued, Defendant will continue to be misled and denied their rights. Defendant has acted or refused to act on grounds that are generally applicable to the class so that injunctive and declaratory relief is appropriate to the Class as a whole.

### FIRST CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25(a))**

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     California *Civil Code* § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

37. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

38. Based on these violations of *Civil Code* § 1785.25(a), Plaintiff is entitled to the remedies afforded by *Civil Code* § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, and/or punitive damages in an amount that the Court may allow pursuant to *Civil Code* § 1785.31(c) and for each violation as the Court deems proper.

## SECOND CAUSE OF ACTION

### (Violations of Business and Professions Code § 17200)

39. Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

40. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm – that is, evidence that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of this statutory definition of unfair competition covers a single act of misconduct, as well as ongoing misconduct.

41. *California Business and Professions Code § 17200* prohibits any "unlawful … business act or practice." An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

42. As discussed above, Defendant has systematically and continuously attempted to collect upon alleged debts neither owed by Plaintiff nor class members due

to the protection afforded by *CCP § 580(b)*. Defendant's conduct constitutes violations of *Code of Civ. Pro. § 580(b)* and California *Civil Code § 1785.25(a)*.

43. Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class since Plaintiff and the members of the Class have suffered wrongful credit damage and a result statutory damages are now due to Plaintiff and the members of the class.

44. Thus, Defendant's conduct has violated the "unlawful" prong of *California Business and Professions Code § 17200*.

45. *California Business and Professions Code § 17200* prohibits any "unfair …business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

46. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

47. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff. Plaintiff suffered injury in fact in the form of wrongful credit damage and Plaintiffs have lost money and property as a result thereof. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

48. Moreover, Defendant's deceptive and wrongful conduct of credit reporting alleged debts for consumers that are in fact not owed solely benefits Defendant while providing no benefit of any kind to any consumer.

49. Finally, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could have reasonably avoided.

50. Thus, Defendant has violated the "unfair" prong of *California Business & Professions Code § 17200.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

51. Certifying the Class as requested herein;

52. Providing such further relief as may be just and proper;

53. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1);

54. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);

55. An award of punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper; pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

56. Punitive damages in an amount that the Court may allow pursuant to Cal. Civ. Code § 1785.31(c);

57. Injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

58. Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(d);

59. For equitable, injunctive, and monetary relief pursuant to California *Business and Professions Code § 17203.*

Dated: July 14, 2015              Respectfully submitted,

**MARTIN & BONTRAGER, APC**

/s/  G. Thomas Martin, III

G. Thomas Martin, III